IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KANDANCE WELLS,

        Plaintiff,

v.                          CIVIL ACTION NO.  2:24-cv-00317

CHARLESTON AREA MEDICAL
CENTER - GENERAL,

        Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). Pending before the Court is the Application to Proceed Without Prepayment of Fees and Costs filed by Plaintiff Kandance Wells ("Plaintiff"), who is proceeding pro se in this civil action. Having examined the Plaintiff's form Complaint, (ECF No. 2), the undersigned respectfully recommends that Plaintiff's Application be **DENIED**, as moot, and this civil action be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

Plaintiff filed her Complaint in this civil action on June 26, 2024, naming a single Defendant: Charleston Area Medical Center – General ("Defendant" or "CAMC"). (*See* ECF No. 2). In the portion of Plaintiff's form Complaint titled "Statement of Claim," Plaintiff asserts the following, restated *verbatim*:

> CAMC – General used forms of medical malpractice (intentional torts) to retaliate for the filing of cases in U.S. District Court against Kanawha County Circuit Court in case # 2:23-cv-604. Medical malpractice resulted in death of plaintiff's mother.

(ECF No. 2 at 4). Plaintiff seeks relief in the form of $14 million "for actual, punitive and exemplary damages[.]" *Id.* Additionally, in the portion of the form Complaint designated for a statement of the Plaintiff's basis for subject-matter jurisdiction, Plaintiff asserts that there is "federal question" jurisdiction under 28 U.S.C. § 1331. (*Id.* at 3). In support, Plaintiff asserts the following, restated *verbatim*:

> Defendant does not have a right to retaliate against a plaintiff for the filing of a civil suit. Conspiracies in closing(s) of cases which resulted in medical murder to evade lawsuits & allegations of murder in medical form. Nursing & facility staff were intentional in their actions constituting forms of extortion in order to evade legal allegations.

*Id.* Notably, on the *Civil Cover Sheet* form Plaintiff submitted with her Complaint, she characterizes the nature of this suit as "Personal Injury – Medical Malpractice." (ECF No. 2-1 at 1).

Finally, the undersigned takes judicial notice that the lawsuit cited in Plaintiff's Complaint is *Wells v. Kanawha County Circuit Court*, 2:23-cv-604, ECF No. 2 (S.D. W. Va. Sept. 11, 2023). Plaintiff named six Defendants in that action: (1) the Circuit Court of Kanawha County, West Virginia; (2) Carrie Webster, Kanawha County Circuit Court Judge; (3) Jennifer Bailey, Kanawha County Circuit Court Judge; (4) Joanna Tabit, Kanawha County Circuit Court Judge; (5) Cathy Gatson, Kanawha County Circuit Court Clerk; and (6) Patrick Morrisey, the Attorney General of West Virginia. *Id.* at 1-2. Plaintiff alleged in that case as follows:

> Plaintiff claims that she has been retaliated against for making claims of intentional torts in housing, civic departments, and local housing authorities through the courts. Plaintiff alleges that Circuit Court Judges arranged to retaliate against her through the issuance of mental evaluations (court ordered) in determinations through the courts, and in diversity, to

>revoke federal benefits. Plaintiff makes claims that the use of personal affiliations were used to discriminate, retaliate, and/or harm her family members in other jurisdictions in order to evade lawsuits, and to extort.

*Id*. at 5. The Court dismissed Plaintiff's claims in that matter as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Wells v. Kanawha County Circuit Court*, 24-1585 (4th Cir. Oct. 22, 2024) (per curiam) (affirming district court's dismissal).

## II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed in forma pauperis—in other words, without payment of the applicable filing fees and court costs—a federal district court has a duty to independently assess the merits of the plaintiff's complaint before the action may proceed, and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); 28 U.S.C. § 1915(e). Pursuant to this standard, a complaint filed in forma pauperis must be dismissed if the court determines that the civil action is frivolous or malicious, if the complaint fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant is immune from such relief. *Eriline*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

Finally, when—as is the case in the instant action—the Plaintiff is proceeding without counsel, "[a] document filed pro se is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This requirement of liberal construction does not mean, however, that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.  DISCUSSION

In what is quickly becoming a pattern before this Court, Plaintiff Kandance Wells has once again filed a complaint that is fundamentally frivolous in that it fails to supply any facts supporting any cognizable claim for relief. Liberally construing Plaintiff's allegations indicates that she is aggrieved by many things, but she provides no context as to who, what, when, or how the Defendant committed the alleged medical malpractice. Rather, Plaintiff only provides "naked assertion[s]," bare "labels and conclusions" that constitutes nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This falls far short of the pleading standard set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court explained that, "[a]lthough a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "speculative" or "conceivable." *Id.* at 555, 570. In short, from the undersigned's review, Plaintiff's allegations are "disconnected, rambling, and largely incoherent." *See Kraim v. Virginia*, 3:21-cv-00326, 2021 WL 3612305, at*2 (S.D. W. Va. Jul. 26, 2021) (quoting *Von Fox v. U.S. State Department*, 2:16-cv-185, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow . . . disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since Plaintiff's complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

Finally, the Fourth Circuit has stated a general preference for permitting a pro-se

party one opportunity to amend his or her complaint; nonetheless, the Fourth Circuit expressly stated that this Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4thCir. 2019). In the instant matter, that is precisely the case—amendment would simply be futile, for the reasons set forth above.

Furthermore, the futility of amendment is even more obvious when viewed in the surrounding context of Plaintiff's litigation history before this Court—where she has repeatedly failed to identify, explain, allege, or describe the facts which gave rise to her conclusory assertions that she was unlawfully harmed, despite express instruction and numerous opportunities for amendment from the Court. *See Wells v. CAMC-SYSTEM*, 2:22-cv-370, ECF No. 4 at 3 (S.D. W. Va. Sept. 13, 2022), (explaining that "this is the third lawsuit . . . Plaintiff has filed this year in this District against another defendant based on fantastic or delusional scenarios," in which Plaintiff "continues to fail to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief"), *adopted*, 2:22-cv-370, ECF No. 5 (S.D. W. Va. Oct. 11, 2022); *Wells v. State of West Virginia*, 2:22-cv-323, ECF No. 7 at 5 (S.D. W. Va. Sept. 13, 2022) (recommending dismissal on the grounds that Plaintiff's "naked assertions" of fact "indicate[] that she is aggrieved by many things, but she provides no context as to who, what, when, or how the State of West Virginia committed the alleged misconduct"), *adopted*, 2:22-cv-323, ECF No. 9 (S.D. W. Va. Oct. 25, 2022); *Wells v. City of Charleston*, 2:22-cv-40, ECF No. 7 at 3-4 (S.D. W. Va. Mar. 7, 2022) (recommending dismissal and explaining that, "despite having . . . a chance to amend her Complaint, Plaintiff nevertheless failed to comply with

the general rules of pleading," as Plaintiff "indicates that she is aggrieved by many things, but she provides no context as to who, what, when or how the City of Charleston committed the alleged misconduct"), *adopted*, 2:22-cv-40, ECF No. 8 (S.D. W. Va. Mar. 30, 2022).

In summary, the undersigned **FINDS** that Plaintiff's Complaint lacks any basis in fact or law, that Plaintiff's claims are patently frivolous, and that amendment would be futile—all of which lead to the undersigned's conclusion that this matter should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### IV.    RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) be **DENIED**, as moot, and this civil action be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at her address of record.

ENTERED: March 12, 2025

_____
Dwane L. Tinsley
United States Magistrate Judge